J-A22045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL W. GLANTZ | |
| Appellant | No. 307 MDA 2020 |

Appeal from the Judgment of Sentence entered January 21, 2020
In the Court of Common Pleas of Mifflin County
Criminal Division at No: CP-44-CR-0000123-2019

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2021**

Appellant, Michael W. Glantz, appeals from his judgment of sentence for driving under the influence, 75 Pa.C.S.A. § 3802(c) ("DUI"), graded as a first-degree misdemeanor.  Appellant was sentenced to fifteen days' imprisonment along with intermediate punishment.  He completed his term of imprisonment, but before his release, he was required to submit a DNA sample under the amended DNA Detection of Sexual and Violent Offenders Act, 44 Pa.C.S.A. §§ 2301-2336 ("DNA Act").  Appellant argues that his compelled submission of a DNA sample constitutes an *ex post facto* violation, because the date of his DUI offense preceded the effective date of amendments to the DNA Act requiring submissions of DNA samples by first-degree misdemeanants.

We quash this appeal for lack of jurisdiction.  The trial court did not order Appellant to submit a DNA sample in its judgment of sentence.  Thus,

Appellant cannot use his judgment of sentence as a vehicle for appealing the collection of his DNA.

On January 27, 2019, Appellant was charged with DUI. On January 21, 2020, Appellant entered a guilty plea to count 2 of the criminal information, driving under the influence, 75 Pa.C.S.A. § 3802(c), graded as a first-degree misdemeanor, for which the trial court sentenced him, *inter alia*, to 15 days of imprisonment, followed by a term of intermediate punishment of 35½ months with the first 75 days on electronic monitoring. The court did **not** include, as a condition of sentence, a requirement that Appellant submit a DNA sample prior to his release from prison.

It appears that Appellant served the 15-day term of imprisonment before the time expired for filing this appeal. Before his release from jail, the Mifflin County Probation Office required Appellant to submit a DNA sample. Appellant claims that he submitted his DNA sample so he could leave jail and retain his job. On February 19, 2020, Appellant filed a timely notice of appeal from his judgment of sentence. Appellant raises a single issue in this appeal:

> Whether 44 Pa.C.S.[A.] § 2316 and 44 Pa.C.S.[A.] § 2303, requiring Appellant to submit a DNA sample, were applied retroactively, violating the Ex Post Facto Clause of the United States and Pennsylvania Constitutions, U.S. Const. Art. I § 10 and Pa. Const. Art. I § 17, when the date of offense occurred prior to the amendment of the statutes.

Appellant's Brief at 5.

As a preliminary matter, we must address whether we have subject matter jurisdiction to consider Appellant's argument, a question this Court

may raise *sua sponte*. **Commonwealth v. Mayfield**, 224 A.3d 718, 727 (Pa. Super. 2019). Appellant's appeal from his judgment of sentence does not furnish us with jurisdiction to address his challenge to the DNA Act.

The original DNA Act, which took effect in 2005, provided that it is "in the best interest of the Commonwealth to establish a DNA data base and a DNA data bank containing DNA samples submitted by individuals convicted of, adjudicated delinquent for or accepted into ARD for felony sex offenses and other specified offenses." 44 Pa.C.S.A. § 2302(4). Under the DNA Act, the Pennsylvania State Police is "responsible for the policy management and administration of the State DNA identification record system to support law enforcement agencies and other criminal justice agencies." 44 Pa.C.S.A. § 2311(1). The State Police must also "promulgate, as necessary, rules, regulations and guidelines to carry out the provisions of [the Act]." 44 Pa.C.S.A. § 2311(2).

The DNA Act requires any person "convicted" of a felony sex offense or "other specified offense" or who is or remains incarcerated for a felony sex offense or "other specified offense" to have a DNA sample drawn. 44 Pa.C.S.A. § 2316(a). The original DNA Act did not include first-degree misdemeanors in the category of "other specified offense[s]." Effective October 21, 2019, nine months after Appellant's arrest for DUI, the definition of "other specified offenses" was amended to include "an offense under . . . 75 Pa.C.S.[A.] (relating to vehicles) that is graded as a misdemeanor of the first degree."

Persons subject to the DNA Act may not be released from prison until the sample has been drawn. 44 Pa.C.S.A. § 2316(b). This requirement is mandatory and applies "regardless of whether a court advises a person that a DNA sample must be provided to the State DNA Data Base and the State DNA Data Bank as a result of a conviction . . ." 44 Pa.C.S.A. § 2316(d.1). This provision makes the DNA requirement mandatory even if the trial court does not include it as a condition of sentence. In fact, there exists no requirement that a court advise a defendant at sentencing that a DNA sample will be collected upon release or otherwise because of any specified conviction. The State Police shall retain DNA test results on file, 44 Pa.C.S.A. § 2318(a)(2), and these results must be used "only for law enforcement identification purposes or to assist in the recovery or identification of human remains from disasters or for other humanitarian identification purposes." 44 Pa.C.S.A. § 2318(c)(1).

In this case, on January 21, 2020, several months after the effective date of the amended DNA Act, Appellant was convicted of DUI as a first-degree misdemeanor, an offense he committed prior to the amendment's passage. The trial court imposed a sentence of 15 days' imprisonment followed by intermediate punishment of 35½ months. No mention was made of the necessity to provide a DNA sample upon release from incarceration. Appellant immediately served his 15-day sentence. Prior to his release from prison, the county Probation Office compelled him to provide a DNA sample. Appellant

filed a notice of appeal from his judgment of sentence, and attempts in this appeal to challenge the constitutionality of the DNA Act.

It is true that the defendant "may appeal as of right the legality of [his] sentence." 42 Pa.C.S.A. § 9781(a). It is also true that "the legality of a criminal sentence is non-waivable, and this Court may raise and review an illegal sentence *sua sponte*." ***Commonwealth v. Derrickson***, 242 A.3d 667, 673 (Pa. Super. 2020). Under these principles, the defendant has the right to appeal his sentence on the ground that his sentence is unconstitutional. ***Id.*** at 673-74 (defendant appealed sentence on ground that court failed to impose individualized sentence in violation of Eight and Fourteenth Amendments).

Broad though these precepts may be, we cannot find any decision that permits a defendant to appeal his judgment of sentence to challenge a condition that falls **outside** his judgment of sentence. That is what happened here: the trial court did not order submission of a DNA sample in its sentence, but the Probation Department still compelled Appellant to submit a sample before leaving prison. Since there was no directive to submit a DNA sample in the sentencing order, nor was one required, Appellant cannot use his judgment of sentence as a platform for appealing the collection of his DNA.

Appellant may retain the right to file a new action against the State Police and/or the Mifflin County Probation Office alleging that the collection of the DNA sample constitutes an *ex post facto* violation. We express no opinion as to the merit of any such action, whether it is moot because Appellant has permitted collection of the DNA sample, or the court in which Appellant should

commence any such action. We simply rule that we lack jurisdiction to consider this issue because the requirement for a DNA sample was not a part of Appellant's judgment of sentence.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/22/2021